**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

DANIEL L. TAPPEN,

Petitioner,

v. CASE NO. 4:13cv345-RH/CAS

JULIE L. JONES, Secretary,
Department of Corrections,

Respondent.

_________________________________/

**ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY**

By this petition for a writ of habeas corpus under 28 U.S.C. § 2254, Daniel L. Tappen, who was convicted of murder in state court, challenges the admission of a surreptitious recording of a conversation he had with his attorney. Neither the recording nor its admission will win any awards for fairness. But a federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Mr. Tappen has not met this standard.

The petition is before the court on the magistrate judge's report and recommendation, ECF No. 20, and the objections, ECF No. 23. I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

The state charged Mr. Tappen with murdering his wife. Mr. Tappen was detained pending trial. He asked to be allowed to go with his attorney to walk through the residence Mr. Tappen had shared with his wife—the scene of the alleged crime. Mr. Tappen said this was necessary to prepare for trial. The court authorized the walk-through, but only with Mr. Tappen remaining in the custody of the Sheriff's Department. While Mr. Tappen was handcuffed to a deputy, he discussed the case with the attorney. Mr. Tappen and the attorney plainly knew that the deputy could hear their conversation.

The state surreptitiously made a video and audio recording of the walk-through, capturing Mr. Tappen's discussion with his attorney. The state offered the recording into evidence at the trial. The video showed Mr. Tappen in jail garb and handcuffed. Mr. Tappen objected based on the attorney-client privilege. He did not invoke the United States Constitution.

The court overruled the objection, ruling that the deputy's known presence at the time of the conversation defeated the claim of privilege. The jury saw and heard the recording. Mr. Tappen asserted on appeal that this was error, again based on the attorney-client privilege. Again Mr. Tappen did not invoke the United States Constitution. The appellate court affirmed the conviction without an opinion.

In this habeas proceeding, Mr. Tappen asserts that admission of the recording violated his Sixth Amendment right to counsel. The Sixth Amendment issue would be the same had the state introduced only the deputy's testimony about the discussion between Mr. Tappen and his attorney; that the discussion was recorded does not affect the Sixth Amendment analysis.

Mr. Tappen relies on *Shillinger v. Haworth*, 70 F.3d 1132 (10th Cir. 1996), which granted habeas relief in similar circumstances. There are factual distinctions between this case and *Haworth*, but there is a more important legal distinction. *Haworth* was decided before the effective date of the Antiterrorism and Effective Death Penalty Act, which substantially narrowed the grounds on which a federal court may grant a state prisoner's habeas petition. Under AEDPA, when challenging the state court's legal ruling, it is not enough for Mr. Tappen to rely on a Tenth Circuit case; he must show that the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as*

*determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d)(1) (emphasis added). *Haworth* is not a Supreme Court ruling. Indeed, *Haworth* went to some length to distinguish the closest Supreme Court case, *Weatherford v. Bursey*, 429 U.S. 545 (1977), which came out the other way.

The bottom line is this. Even if Mr. Tappen did not procedurally default his Sixth Amendment claim by failing to raise the issue in the trial court and on direct appeal, he cannot obtain relief here. This is so because the state court's ruling was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, and the ruling was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Mr. Tappen is not entitled to relief.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Tappen has made the required showing. This order grants a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is granted on this issue: whether admission of the surreptitious recording of the petitioner's conversation with his attorney violated the Sixth Amendment.

4. The clerk must close the file.

SO ORDERED on April 22, 2016.

s/Robert L. Hinkle
United States District Judge